# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-320-14-CR-W-DGK |
| | ) | |
| RAFAEL ZAMORA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT ZAMORA'S MOTION IN LIMINE

The case arises from allegations that Defendant Juan Marron conspired with Co-Defendant Rafael Zamora to distribute cocaine, crack, and marijuana. The grand jury indicted Zamora with both (1) conspiracy to distribute 5 kilograms or more of cocaine, fifty or more grams of cocaine base, and one hundred kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (B) and 846; and (2) knowingly conducting or attempting to conduct financial transactions for the purpose of promoting unlawful activity, specifically drug sales in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h).

Pending before the Court is Zamora's Motion in Limine (Doc. 399) to exclude all testimony offered by the Government referencing the statement he gave to authorities after his arrest on November 19, 2010. During his interview, Zamora allegedly made several inculpatory statements concerning his involvement in drug trafficking to two law enforcement officers.

Zamora contends his alleged statement is inadmissible because it is irrelevant, lacks corroboration, and lacks indicia of reliability or trustworthiness. The Government contends the evidence against Zamora includes: (1) marijuana that was seized at his home following his arrest, (2) a wiretap of a May 2010 telephone call in which Marron allegedly coordinates the delivery of

three pounds of marijuana to Zamora, (3) witness testimony of Zamora's drug trafficking, and (4) testimony from a co-defendant identifying Zamora as an intended recipient of marijuana from Marron.

Based on the anticipated evidence, the Court holds Zamora's statement is relevant and does not violate the common-law corroboration rule because the Government is not relying on a single extrajudicial statement in order to obtain a conviction. *Smith v. United States*, 348 U.S. 147, 154-55 (1954). With respect to the reliability of Zamora's confession, the Court holds that even if the Federal Rules of Evidence required a non-recorded or videotaped confession be corroborated by other evidence in order to be admissible, and they do not, the anticipated evidence would suffice. Accordingly, no hearing in this matter is necessary, and Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date:   October 17, 2010                    /s/ Greg Kays
                         GREG KAYS, JUDGE
                         UNITED STATES DISTRICT COURT